FIRST NATIONAL BANK OF WAUKON, Appellee, v. M. J. BARTHELL et al., Appellees; M. F. McCORMICK et al., Appellants.

ESTOPPEL: Equitable Estoppel—Recognizing Invalid Tax Deed—Effect. An owner of land who, for his own advantage, recognizes the validity of a tax deed to his land, and thereby causes another to change his position, may not thereafter plead invalidating irregularities in the deed.

Headnote 1: 37 Cyc. p. 1490.

*Appeal from Allamakee District Court.*—JAMES D. COONEY, Judge.

APRIL 6, 1926.

ACTION upon a promissory note, and to foreclose a mortgage upon real estate. Decree as prayed. The defendants M. F. and Mary McCormick appeal.—*Affirmed.*

*J. E. O'Brien, E. F. Pieper,* and *Mears & Lovejoy,* for appellants.

*William S. Hart,* for appellee plaintiff.

STEVENS, J.—This is an action to foreclose a mortgage upon the SE¼ of the SE¼ and the S½ of the NE¼ of the SE¼, except Lot 1, all in Section 25, Township 98, Range 6, containing 57 acres, which mortgage was executed by M. J. Barthell and wife to appellee bank, August 20, 1921, to secure the payment of a note of $5,000 of even date therewith. Personal judgment is asked against M. J. Barthell and wife on the note. M. F. and Mary McCormick, appellants, who are husband and wife, alone appeared and filed answer. The defense interposed is based wholly upon the alleged invalidity of a tax deed executed by the treasurer of Allamakee County, July 5, 1921, to M. J. Barthell, who, subsequent to the execution of the note and mortgage in suit, conveyed the property to B. F. Barthell, who, as the sole consideration for such conveyance, assumed and agreed to pay the incumbrances thereon. Personal judg-

ment is asked against B. F. Barthell on the assumption clause in the deed.

The contention of appellants that the tax deed was invalid when issued is not disputed by appellee, but it is claimed that they are estopped to plead such invalidity as a defense.

The facts relied upon to constitute the alleged estoppel are, in substance, as follows: M. F. McCormick held the equitable title to the property, and was in possession thereof under a contract of purchase. The legal title was in E. W. Goodykoontz, or the Goodykoontz estate. The balance due on the purchase price thereof was $6,000. At the same time, appellants were indebted to the Citizens State Bank of Waukon in the sum of $22,000, which was in judgment against them. The indebtedness of appellants to the Citizens State Bank was originally secured by mortgage upon the above described tract and another tract of 160 acres in Allamakee County. The mortgage had been foreclosed, and sheriff's certificates of sale issued to the bank therefor. The certificate of tax sale originally issued to C. H. Barthell, and by him assigned to M. J. Barthell, was dated December 3, 1917. On April 4, 1921, the appellant M. F. McCormick accepted service of an unsigned notice of redemption from the tax sale. On the same day, the appellant M. F. McCormick and C. H. Barthell entered into a contract in writing, by which the latter agreed that, if redemption was not made from the tax sale, and a tax deed should be issued to the said Barthell, he would, upon the payment by appellant of the amount due him, whether represented by notes, debts, or accounts, convey said premises to appellant by quitclaim deed.

On August 5, 1921, a further instrument in writing was executed and signed by the Citizens State Bank, the appellant M. F. McCormick, and M. J. Barthell. The purpose of this agreement was to provide for the compromise and settlement of the indebtedness of appellant to the bank. The instrument recognizes that M. J. Barthell has the legal title to the above described property; that it has also been sold at sheriff's sale; and that appellant is indebted to the Citizens State Bank in the sum of $22,000, in full settlement of which the bank agreed to accept $18,000. The bank also agreed to deliver a $7,000 note and mortgage held by it as collateral security, to M. J. Barthell

or to anyone he should direct, upon the final payment by appellant of the amount agreed upon. It was also agreed that 10 acres of the 57-acre tract should be platted and sold in lots, deeds to be executed to purchaser by M. J. Barthell. The proceeds derived from the sale of lots was to be applied first to the payment of E. W. Goodykoontz, in such sum as might be necessary to secure a release from him of his lien upon the 10-acre tract. The balance was to be paid to the bank upon appellant's indebtedness to it. Barthell also agreed to turn over to the bank three notes held by him, to be applied on the indebtedness of appellant, as follows: one for $1,100, one for $460, and a third for $2,376. On July 15, 1921, M. J. Barthell and wife executed a mortgage upon the above described tract for $8,500, due July 15, 1926, to E. W. Goodykoontz. Appellant claims that this mortgage should have been for $6,000 only. The terms of the contract were apparently fully carried out.

M. J. Barthell testified that the $5,000 borrowed of appellee upon the note and mortgage in controversy was paid to the Citizens State Bank, as a part of the settlement of appellant's indebtedness to it. The cashier of the bank testified that he did not remember the transaction.

We think it must be inferred from the above undisputed facts and transactions that the purpose of appellant in entering into the above mentioned written contracts was to, if possible, ultimately secure the legal title to the 47 acres of the original 57-acre tract which he occupied as a home. No question of homestead is suggested by counsel. There is nothing in the record to indicate that C. H. and M. J. Barthell did not act in good faith in the execution and the carrying out of these contracts. The person to be most benefited thereby was the appellant. The defects in the notice of redemption from tax sale and the failure of the holder of the certificate to file the affidavit required by Section 1441, Code of 1897, in the office of the county treasurer, were all irregularities that appellant could waive. By entering into the two written contracts for the purpose indicated, which were, so far as the record shows, carried out in good faith, or a willingness disclosed to do so by the parties thereto, appellant clearly waived such irregularities, and estopped himself from setting up the invalidity of the tax deed,

as against either C. H. or M. J. Barthell, acting under the said contracts. No authorities bearing upon this question are cited in the briefs by counsel upon either side. Appellant, having thus estopped himself to deny the invalidity of the tax deed, is not now in a position to interpose such invalidity as a defense in this action. But for the arrangement made by appellant with the Citizens State Bank, a sheriff's deed would have been executed to it in a few months. The sheriff's certificate of purchase was assigned to Barthell, who has since obtained a sheriff's deed to the premises. Barthell testified upon the trial that he was still ready, able, and willing to carry out his agreement of April 4, 1921, with appellant M. F. McCormick, and to convey the land to him by quitclaim deed, upon the payment of the amount due and contemplated by the contract, for which he has assumed liability.

The decree entered by the court is right.—*Affirmed.*

DE GRAFF, C. J., and FAVILLE and VERMILION, JJ., concur.